

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 10, 1941

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. 0-3201
Re: Construction of Article
6675a-2 and Article
6675a-6a in reference to
the licensing of farm
trucks.

We are in receipt of your letter of February 20, 1941, in which you request the opinion of this department on the questions contained in your letter as follows:

"Is a known cattle-trader, buying cattle for resale at a profit and hauling them to market in his own truck, and not owning a farm or farming, entitled to the 50% reduction on farm truck licenses as defined in R.C.S., Art. 6675a-6a, or must he use the regular commercial license?

"Is a bona fide farmer who mostly uses his truck for the hauling of his own produce but who occasionally buys cattle and hauls them to market for resale at a profit, entitled to the said 50% reduction or must he use the said commercial license?

"Is a bona fide farmer whose only use of his own truck is to haul his own produce, including cattle, swine, etc., that he has raised himself, to market, entitled to the total exemption as defined in R.C.S., Art. 6675a-2 and as held by the Court in Bean v. Reeves, 77 S.W. (2d) 737, or is he only entitled to the aforesaid 50% reduction?"

ISSUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In answer to your first and second question we call your attention to Article 6675a-6a which reads in part as follows:

"When a commercial motor vehicle sought to be registered and used by the owner thereof only in the transportation of his own poultry, dairy, livestock, and farm products to market, or to other points for sale or processing, or the transportation by the owner thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch, exclusively for his own use or use on such farm the registration license fee, for the weight classifications herein mentioned, shall be fifty per cent (50%) of the registration fee prescribed for weight classifications in Section 6 (Art. 6675a-6) of the Act hereby amended * * * ."   (Underlining ours)

The term "commercial motor vehicle' as used by the Legislature in the above quoted Article is defined in Article 6675a-1 as follows:

"(1)  'Commercial Motor Vehicle' means any motor vehicle other than a motorcycle designed or used for the transportation of property, including every vehicle used for delivery purposes."

In both of the cases you submit in your first two questions the individual is not using a "commercial motor vehicle" (as defined by the Legislature) only in the transportation of his own poultry, dairy livestock and farm products to market. He is using same for the transportation of products that he purchases from others also. It is apparent that the individual in either case you outline should not be entitled to the reduced license fee as prescribed in the above quoted Article.

Honorable Homer Garrison, Jr., Page #3


In line with the above reasoning this department ruled in Opinion No. 0-527 as follows:

"We are of the opinion, therefore, that the benefits of the Article accrue only to a person who transports his own products to market or other points for sale or processing, and is not for the benefit of a person, as indicated in your inquiry that would be transporting products purchased from another farmer * * * *."

It is the opinion of this department, therefore, that the individuals mentioned in your questions one and two would not be entitled to the 50% reduction on farm truck licenses as defined in Article 6675a-6a, supra.

In your third question the truck is used by a bona fide farmer who uses said truck only for purposes of hauling his own produce to market including cattle, etc., which he himself has raised. You ask whether said individual is entitled to the farm license plates at the 50% reduction as provided in Article 6675a-6a, or whether said individual is entitled to the total exemption provided for in Article 6675a-2. Article 6675a-2 was enacted as a part of the whole registration law in 1929. Article 6675a-6a, supra, was enacted in 1934 and was an amendment for purposes of extending a 50% reduced license fee to certain non-exempt vehicles. It did not affect the status of vehicles that were totally exempt under Article 6675a-2. Bean v. Reeves, 77 S. W. (2d) 737.

Article 6675a-2 reads as follows:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license, for the en-

suing or current calendar year or unexpired portion thereof; provided, however, that owners of farm tractors, farm trailers, farm-semi-trailers, and implements of husbandry, operated or moved temporarily upon the high-ways shall not be required to register such farm-tractors, farm-trailers, farm-semi-trailers, or implements of husbandry; provided, however, that such farm-trailers and farm-semi-trailers are operated in conformity to all pro-visions of the law save and except the require-ments as to registration and license; and pro-viding further that the exemptions in this Section shall not apply to any farm-trailer or farm-semi-trailer when the gross weight exceeds 4,000 pounds; provided, that no farm-trailer or farm-semi-trailer with metal tires shall be permitted to operate at a speed in excess of fifteen (15) miles per hour; and further pro-vided, that the exemptions in this Section shall not apply to any farm-trailer or farm-semi-trailer with steel tires of a width less than three inches operating in excess of fifteen (15) miles per hour; and providing, further, that the exemption in this Section shall not ap-ply to any farm-trailer or farm-semi-trailer when the same is used for hire. Provided, however, it shall be unlawful to operate any trailer or semi-trailer at night without a rear red light or red reflectors." (Underlining ours)

The above quoted Article requires that in order for one of the specified vehicles enumerated therein to be exempt the same must be "operated or moved temporarily upon the high-ways." The Legislature defined said term in Article 6675a-1 in the following language:

"(q) By 'operated or moved temporarily upon the highways' is meant the operation or conveying between different farms, and the operation or conveyance from the owner's farm to the place where his farm produce is prepared for market or where same is actually marketed and return." (Underlining ours)

The Supreme Court of Texas in the case of Allred v. J. C. Engelman, 61 S. W. 75, held that a water truck was an implement of husbandry within the meaning of the above quoted Article and that the same was operated or moved temporarily on the highways because it was operated for conveying water between farms. In line with the above the Amarillo Court of Civil Appeals in the case of Bean v. Reeves, 77 S. W. (2d) 737, discussed a fact situation as follows:

> "The agreed statement shows the following: The appellant lives upon and operates a farm in Lubbock County and raises cotton, feed, and live stock thereon. He owns a one-ton Ford truck, which he operates from time to time temporarily on the highways of the State in transporting cotton from his farm to the gin, farm products to the City of Lubbock, and materials therefrom to and for use on his farm; but the truck is operated and used exclusively in connection with the business of the farm."

The Court held as follows:

> "The agreed statement of facts shows that appellant's truck was used exclusively in connection with the business of his farm and was moved and operated but temporarily on the highways and under the interpretation of Article 6675a-2 by the Supreme Court in Allred v. J. C. Engelman, Inc. 61 S. W. (2d) 75, 91 A. L. R. 417, the truck was an 'implement of husbandry' and exempt from registration fees."

The individual you refer to in your question No. 3 operates his truck in the same manner as appellant operated his truck in the above quoted case. It is the opinion of this department, therefore, that said motor vehicle is entitled to the total exemption contained in Article 6675a-2, supra, instead of only the 50% reduction provided for in Article 6675a-6a, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

APPROVED
OPINION COMMITTEE
BY
CHAIRMAN

BG:ej